IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 1:10-cv-00907 LJO JLT |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE |
| v. | |
| DAVID ALVARADO, et al., | ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS |
| Defendants. | (Doc. 16) |

Plaintiff Joe Hand Promotions, Inc., moves to strike twenty-nine affirmative defenses and a reservation clause asserted by Defendants Adolfo Ordaz, Jr., Andres Garcia, and Susana Garcia (herein "Defendants")[1] in their answer. Plaintiff also requests sanctions. The Court has evaluated the pleadings, examined the parties' submissions, and considered counsels' arguments made at motion hearing on this matter. For the reasons set forth below, the Court grants the motion to strike in part and denies it in part. The Court also denies Plaintiff's request for sanctions.

I.  **BACKGROUND**

Plaintiff alleges that it owns the exclusive commercial distribution rights to *Ultimate Fighting Championship 98: Rashard Evans v. Lyoto Machida*, which was televised on May 23, 2009. (Doc. 1 at ¶ 13.) On May 20, 2010, Plaintiff initiated this action, alleging that Defendants intercepted and

---

[1] Defendants David Alvarado and Linda Alvarado have filed a separate answer. Thus, for the purpose of this motion, "Defendants" refer only to Defendants Adolfo Ordaz, Jr., Andres Garcia, and Susana Garcia.

1

displayed UFC 98 without Plaintiff's authorization. (Id. at ¶ 16.) Accordingly, Plaintiff asserts four claims against Defendants: (1) a violation of The Communications Act of 1934, 47 U.S.C. § 605, et seq.; (2) a violation of The Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, et seq.; (3) conversion; and (4) a violation of California Business and Professions Code Section 17200. (Id. at 4-11.)

On September 1, 2010, Defendants filed an answer in which they assert twenty-nine affirmative defenses and reserve their right to assert additional defenses. (Doc. 11 at 7-12.) Plaintiff now moves to strike Defendants' affirmative defenses and reservation clause. Plaintiff also requests in its motion sanctions pursuant to 28 U.S.C. § 1927. Defendants have opposed the motion, and Plaintiff has filed a reply. (Docs. 22 & 23.) On November, 15, 2010, counsel for both parties appeared before the Court for hearing on this matter.

## II.     MOTION TO STRIKE

### A.     Legal Standards

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense may be insufficient as a matter of pleading or a matter of law. Security People, Inc. v. Classic Woodworking, LLC, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An affirmative defense is insufficiently pled where it fails to provide plaintiff fair notice of the defense, Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979), whereas an affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Ganley v. County of San Mateo, No. C06-3923 TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (citations omitted). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), rev'd on other grounds, 510 U.S. 517 (1994).

The function of a motion to strike is "to avoid the expenditure of time and money" associated with litigating "spurious issues." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Nevertheless, motions to strike affirmative defenses are generally "disfavored." Neveau v. City

2

of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). The Federal Rules of Civil Procedure have adopted a liberal pleading standard, favoring the resolution of cases "on the proofs rather than the pleadings." Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 213 (9th Cir. 1957). The purpose of pleading an affirmative defense is simply to give plaintiff fair notice of the defense being asserted. See Wyshak, 607 F.2d at 827. Thus, even if a court strikes an affirmative defense, leave to amend should be freely given in the absence of prejudice to the opposing party. Id. at 826.

**B.     Analysis**

As an initial matter, counsel for Defendants agreed at motion hearing to waive the following affirmative defenses relating to employment disputes: twenty (job relatedness); twenty-one (undue hardship); twenty-seven (after acquired evidence); twenty-eight (legitimate business needs); and twenty-nine (doctrine of managerial immunity). (Doc. 11 at ¶¶ 59, 60, 66, 67 & 69.) Counsel also waived the following affirmative defenses that relate to negligence claims: nine and eleven (comparative fault); ten (several liability for non-economic damages); and twenty-two (assumption of risk). (Id. at ¶¶ 48, 49, 50 & 62.) These affirmative defenses are therefore stricken. The Court evaluates the remainder of Defendants' affirmative defenses below.

1. Non-Affirmative Defenses

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Federal Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 258, 262 (E.D. Cal. Mar. 3, 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640-41 (1980)). In contrast, general denials of the allegations in the complaint or allegations that plaintiff cannot prove certain elements of his claim are not affirmative defenses. Solis v. Couturier, No. 2:08-cv-02732 RRB GGH, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009).

Here, Defendants make several allegations that do not constitute affirmative defenses. First, Defendants' assert in their first affirmative defense that Plaintiff fails to state a claim. (Doc. 11 at ¶ 40.) Failure to state a claim, however, is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case. Barnes v. AT&T Pension Benefit Plan, No. C 08-04058 MHP, 2010 WL 2507769, at *6 (N.D. Cal. June 22, 2010) (citing Boldstar Tech., LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an

additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.")). Accordingly, Defendants' first affirmative defense is stricken.

Second, Defendants assert in their seventh affirmative defense that they are entitled to indemnity. (Doc. 11 at ¶ 46.) "Indemnity is not truly an affirmative defense, but rather a claim that must be pleaded and proved." FTC v. Hang-Ups Art Enterprises, Inc., No. CV 95-0027 RMT (JGx), 1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995) (citing Norddeutscher Lloyd v. Jones Stevedoring Co., 490 F.2d 648, 650 (9th Cir. 1973)). In their answer, Defendants have asserted cross-claims for indemnity against Defendants David Alvarado and Linda Alvarado. (Doc. 11 at 14.) All parties to this action are therefore on sufficient notice regarding this matter. It is redundant for Defendants to reassert indemnity as a separate affirmative defense. Therefore, Defendants' seventh affirmative defense is stricken.

Third, Defendants assert in their eighth and twenty-third affirmative defense that Defendants are not the cause of Plaintiff's injuries. (Doc. 11 at ¶¶ 47 & 62.) In addition, Defendants assert in their twenty-fourth affirmative defense that Plaintiff consented to Defendants' actions. (Id. at ¶ 63.) Defendants' general allegations as to causation and consent basically negate elements specifically alleged in Plaintiff's complaint. However, "[a] defense which [merely] demonstrates that plaintiff has not met its burden of proof as to [an] element plaintiff is required to prove is not an affirmative defense." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (citing Flav-O-Rich v. Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)). Accordingly, Defendants' eighth, twenty-third, and twenty-fourth affirmative defenses are stricken.

Fourth, Defendants assert in their nineteenth affirmative defense that Defendants acted in good faith. (Doc. 11 at ¶ 58.) Defendants' specific intentions or state of mind are relevant in the context of Plaintiff's conversion claim, which requests punitive damages, among other things, as relief. (Doc. 1 at 10.) Nevertheless, it is not Defendants' burden to prove good faith. Rather, as the party seeking punitive damages, Plaintiff holds the burden of showing that Defendants acted with "oppression, fraud or malice." Cal. Civ. Code § 3294(a). Thus, Defendants' nineteenth affirmative defense is not a proper affirmative defense and is stricken.

/////

Fifth, Defendants reserve their right to "assert such additional defenses that may appear and prove applicable during the course of this litigation." (Doc. 11 at ¶ 69.) The Court understands Defendants' desire to preserve all available defenses in an abundance of caution. Nevertheless, Defendants' right to amend pleadings to include additional legitimate defenses is already preserved by Rule 15 of the Federal Rules of Civil Procedure. See, e.g., Wyshak, 607 F.2d at 826-27. Thus, Defendants' reservation clause is not a proper affirmative defense, is redundant, and is stricken.

### 2. Insufficiently Pled Affirmative Defenses

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak, 607 F.2d at 827 (citations omitted). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff is not a victim of unfair surprise." Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotations and citations omitted).[2]

Plaintiff would be the victim of unfair surprise with respect to Defendants' fifth affirmative defense. Therein, Defendants assert that Plaintiff is estopped from recovering in this action because of Plaintiff's own conduct. (Doc. 11 at ¶ 44.) Beyond Defendants' failure to support this defense with specific factual allegations, Defendants have failed to specify which theory of estoppel is being asserted. Thus, Defendants' allegations are wholly insufficient in providing Plaintiff with adequate notice. Defendants' fifth affirmative defense is therefore stricken.

Affirmative defense numbers sixteen (unclean hands), seventeen (waiver), and twenty-six (legally required action) are equally vague. (Doc. 11 at ¶¶ 55, 56 & 65.) Defendants have failed to provide any context for these defenses. The doctrine of unclean hands bars recovery for a plaintiff who engaged in "reprehensible conduct in the course of the transaction at issue." McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360 (1995) (citations omitted). Waiver is an "intentional relinquishment or

---

[2] Plaintiff argues that the heightened pleading standard enunciated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and clarified in Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), should apply to the pleading of affirmative defenses. (Doc. 16 at 4.) In Plaintiff's view, an affirmative defense is insufficiently pled, and therefore vulnerable to a motion to strike, if it simply states a legal conclusion without providing supporting facts that explain how the defense relates to the instant case. (Id.) While Plaintiff concedes that the Ninth Circuit has yet to determine whether a heightened pleading standard applies to the pleading of affirmative defenses, Plaintiff contends that such application is the growing trend among district courts. Nevertheless, the Court need not reach this matter at this time. The Court finds the following defenses insufficiently pled even under the more liberal standard set forth by the Ninth Circuit in Wyshak.

abandonment of a known right." United States v. Perez, 116 F.3d 840, 845 (9th Cir. 1997). Here, there is no indication anywhere in Defendants' pleadings that Plaintiff engaged in activity that might constitute reprehensible conduct or a waiver of known rights. Nor is there any explanation as to what legally required action Defendants must take before Plaintiff may recover under its claims. Accordingly, Defendants' sixteenth, seventeenth, and twenty-sixth affirmative defenses fail to provide Plaintiff with adequate notice and are stricken.

### 3. Affirmative Defenses Insufficient as a Matter of Law

Defendants assert affirmative defenses in which under "no set of circumstances could the defense succeed." Ganley, 2007 WL 902551, at *1. Defendants assert in their fourth affirmative defense that Plaintiff failed to mitigate its damages. (Doc. 11 at ¶ 43.) Plaintiff, however, does not allege any continuing harm in its complaint. Plaintiff's claims arise from Defendants' alleged unauthorized showing of UFC 98 on May 23, 2009, a discrete event. Thus, on the face of the answer, Defendants' allegation that Plaintiff failed to mitigate damages appears to be entirely without merit. Defendants' fourth affirmative defense is stricken.

Defendants' twelfth affirmative defense is also insufficient as a matter of law. Therein, Defendants assert that the Court lacks subject matter to determine punitive damages in this case because the imposition of punitive damages violates the constitutions of the United States and the State of California. (Doc. 11 at ¶ 51.) However, as Plaintiff notes in its motion to strike, Plaintiff only seeks punitive damages with respect to its conversion claim. (Doc. 1 at 10.) And, it is well-established that punitive damages "are properly awardable in an action for conversion, given the required showing of malice, fraud, or oppression." Haigler v. Donnelly, 18 Cal. 2d 674, 681 (1941) (citations omitted); see, e.g., Professional Seminar Consultants v. Sino Am. Technology Exch. Co., 727 F.2d 1470, 1473 (9th Cir. 1984) (upholding an award of punitive damages on plaintiff's conversion claim). Accordingly, Defendants' twelfth affirmative defense is stricken.

### 4. Immaterial Affirmative Defenses

Defendants assert affirmative defenses that are immaterial and "have no essential or important relationship to the claim[s]" presented by Plaintiff in this case. Fantasy, 984 F.2d at 1527. For example, Defendants assert in their second affirmative defense that Plaintiff has failed to exhaust its administrative

6

remedies. (Doc. 11 at ¶ 41.) Defendants, however, have failed to specify which administrative remedies Plaintiff must exhaust. Moreover, the Court is unaware of any such requirement. <u>See</u> 47 U.S.C. §§ 605(e) & 503(c). This affirmative defense is therefore stricken.

In addition, Defendants asserts several affirmative defenses that are relevant only in the context of a breach of contract. Defendants' fourteenth affirmative defense asserts the statute of frauds, (Doc. 11 at ¶ 53); Defendants' fifteenth affirmative defense cites California Code of Civil Procedure Section 1856, the parol evidence rule, (Doc. 11 at ¶ 54); and Defendants' twenty-fifth affirmative defense refers to ratification. (Doc. 11 at ¶ 64). There is no indication in the pleadings that there was a contractual relationship between Plaintiff and Defendants. To the contrary, the crux of Plaintiff's claims is that the parties did not have a contract. Thus, the affirmative defenses relating to breaches of contract appear to be wholly irrelevant to this case. Defendants' fourteenth, fifteenth, and twenty-fifth affirmative defenses are stricken.

### 5. Remaining Affirmative Defenses

The remainder of Defendants' affirmative defenses attack the timeliness of Plaintiff claims. Specifically, Defendants' sixth affirmative defense asserts that Plaintiff's causes of action are barred by the applicable statutes of limitations. (Doc. 11 at ¶ 45.) Defendants' thirteenth affirmative defense cites several statutes of limitations for various causes of action in California, including conversion. (<u>Id.</u> at ¶ 52.) Lastly, Defendants' eighteenth affirmative defenses assert that Plaintiff is barred from recovery under the doctrine of laches. (<u>Id.</u> at ¶ 57.)

The Court declines to strike these affirmative defenses. The statute of limitations for claims arising under both 47 U.S.C. § 605 and 47 U.S.C. § 553 is one year. <u>DirectTV v. Webb</u>, 545 F.3d 837, 847-48 (9th Cir. 2008); <u>Kingvision Pay-Per-View, Ltd., v. Barron</u>, NO. C 08-02413 JW, 2009 WL 347263, at *2 (N.D. Cal. Feb. 6, 2009). The statute of limitations for conversion claims is three years, Cal. Code Civ. Proc. § 338(c), and the statute of limitations for violations of California Business and Professions Code Section 17200 is four years. Cal. Bus. & Prof. Code § 17208. Although Plaintiff appears to have initiated this action within one year of the alleged harm (and within all the relevant statutes of limitations), the Court is unable to definitively conclude at this early junction that Defendants are unable to prove any set of facts that would establish the untimeliness of Plaintiff's claims. As

discovery moves forward and the record in this case becomes clearer, Plaintiff may move for summary judgment on this issue.

## II. SANCTIONS

Plaintiff seeks sanctions against Defendants for asserting unfounded affirmative defenses. (Mot. to Strike at ii, 18.) Pursuant to 28 U.S.C. § 1927, the Court may impose sanctions on any person "who so multiplies the proceedings in any case unreasonably and vexatiously." Here, the Court does not find that Defendants acted unreasonably or vexatiously. Although Defendants may have asserted numerous irrelevant defenses, it appears that they have done so in an attempt to preserve all available defenses, albeit in boilerplate fashion. The Court expects that Defendants would have ceased to pursue these defenses once they fully discovered that no evidence supported them. Accordingly, the Court declines to impose sanctions on Defendants at this time.

## III. CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion to strike affirmative defenses is **GRANTED IN PART** and **DENIED IN PART**. The motion to strike is **DENIED** as to Defendants' sixth, thirteenth, and eighteenth affirmative defenses. The motion to strike is **GRANTED** as to all other affirmative defenses and as to Defendants' reservation clause. Defendants are granted 20 days leave to file an amended answer if they choose. If they do not amend within this time period, the answer will stand.

2. Plaintiff's request for sanctions is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 16, 2010**                              /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE