1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  JOE HAND PROMOTIONS, INC.,              Case No.: 1:10-cv-00907 LJO JLT

12          Plaintiff,                      ORDER GRANTING PLAINTIFF'S MOTION
                                            FOR RECONSIDERATION
13      v.
                                            (Doc. 28)
14  DAVID ALVARADO, et al.,

15          Defendants.

16  _____/

17          This matter is before the Court on Plaintiff Joe Hand Promotions, Inc.'s motion for

18  reconsideration regarding the Court's November 16, 2010, order granting in part and denying in part

19  Plaintiff's motion to strike.  The Court has reviewed the submitted papers, along with the record, and

20  has determined that this matter is suitable for decision without oral argument.  For the reasons set forth

21  below, the Court **GRANTS** the pending motion.

22  **I.      BACKGROUND**

23          On September 22, 2010, Plaintiff moved to strike twenty-nine affirmative defenses and a

24  reservation clause asserted by Defendants Adolfo Ordaz, Jr., Andres Garcia, and Susana Garcia (herein

25  "Defendants")[1] in their answer. (Doc. 16.) On November 16, 2010, the Court granted in part and denied

26  in part Plaintiff's motion to strike.  (Doc. 27.)   The Court denied the motion as to Defendants'

27

28          [1]  Defendants David Alvarado and Linda Alvarado have filed a separate answer.  Thus, for the purpose of this
        motion, "Defendants" refer only to Defendants Adolfo Ordaz, Jr., Andres Garcia, and Susana Garcia.

1  affirmative defenses relating to the statute of limitations and laches and granted the motion as to the

2  remaining affirmative defenses and as to Defendants' reservation clause. (Id. at 8.)  The Court also

3  denied Plaintiff's request for sanctions. (Id.)  On November 30, 2010, Plaintiff filed the pending motion

4  for reconsideration. (Doc. 28.)  Defendants have not filed an opposition.

5  **II.    LEGAL STANDARDS**

6          The Court has the power to reconsider its own orders at any time prior to entry of judgment.

7  United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004) (citation omitted).  However, Federal Rule

8  of Civil Procedure 60(b)(6), which allows the Court to relieve a party from an order for any reason that

9  justifies relief, "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be

10  utilized only where extraordinary circumstances . . . exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th

11  Cir. 2008) (internal quotation marks and citation omitted).  "[R]econsideration should not be granted,

12  absent highly unusual circumstances, unless the district court is presented with newly discovered

13  evidence, committed clear error, or if there is an intervening change in the controlling law."  Marlyn

14  Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal

15  quotation marks and citations omitted).  It "may *not* be used to raise arguments or present evidence for

16  the first time when they could reasonably have been raised earlier in the litigation."  Id. (emphasis in the

17  original).

18  **III.    DISCUSSION**

19          The Court initially declined to strike Defendants' affirmative defense relating to the timeliness

20  of Plaintiff's claims because Plaintiff had not established in its motion to strike that the program in

21  dispute, *Ultimate Fighting Championship 98: Rashad Evans v. Lyoto Machida* ("the Program"), was in

22  fact televised on May 23, 2009.  (See Doc. 27 at 7-8.)  If the Program was televised at an earlier date,

23  Plaintiff's claims under 47 U.S.C. § 605 and 47 U.S.C. § 553 may have been barred under the one-year

24  statute of limitations period for those claims.  Accordingly, the Court concluded that it would be more

25  appropriate to test the sufficiency of Defendants' statute of limitations and laches defenses with the

26  benefit of a fuller record on a motion for summary judgment.  See Van Schouwen v. Connaught Corp.,

27  782 F. Supp. 1240, 1245 (N.D. Ill. 1991) (the sufficiency of a defense can be more thoroughly tested on

28  a motion for summary judgment as opposed to a motion to strike).

2

1    Upon consideration of Plaintiff's arguments in its motion for reconsideration, the Court is

2    persuaded that it should have done otherwise.  In evaluating a motion to strike, the court must treat all

3    well-pleaded facts as true.  Sepra v. SBC Telecomms., Inc., No. C 03-4223 MHP, 2004 WL 2002444,

4    at *1 nt.1 (N.D. Cal. Sept. 7, 2004) (citations omitted)).  See also U.S. Oil Co. v. Koch Refining Co.,

5    518 F. Supp. 957, 959 (E. Wisc. 1981) (citing 5 Wright & Miller Fed. Prac. & Proc. § 1380 at 786-88).

6    Notably, Defendants have offered no factual assertion that the Program was televised on a day other than

7    May 23, 2009, as alleged by Plaintiff in its complaint.  (Doc. 1 at 4.)  Therefore, the Court was obligated

8    to assume that this alleged fact is true.  Plaintiff's claims under 47 U.S.C. § 605 and 47 U.S.C. § 553 are

9    therefore timely because Plaintiff initiated this action before the one-year statute of limitations period

10   expired on May 24, 2010.  Accordingly, Defendants' statute of limitations defense should have been

11   stricken as being insufficient as a matter of law.  See Ganley v. County of San Mateo, No. C-06-3923

12   TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (an affirmative defense is insufficient as a

13   matter of law when it cannot succeed under any circumstances).

14   Once again, due to Defendants' failure to make any factual assertion that the Program was

15   televised on any earlier day than the one that Plaintiff alleged, Defendants' laches defense should have

16   suffered a similar fate.  As Plaintiff notes in its motion for reconsideration, if an action is filed within

17   the analogous statute of limitations period there is a "strong presumption" that laches does not apply.

18   Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002).  Again, assuming as

19   true that the Program was televised only once on May 23, 2009, Plaintiff's claims under 47 U.S.C. § 605,

20   47 U.S.C. § 553, California Business and Professions Code Section 17200, and for conversion were

21   timely filed.  See Cal. Bus. & Prof. Code § 17208 (four-year statute of limitations for unfair business

22   practices claims); Cal. Code Civ. Proc. § 338(c) (three-year statute of limitations for conversion claims).

23   In the absence of any assertion of undue delay by Plaintiff or any showing of prejudice resulting to

24   Defendants, the Court should have struck Defendants laches defense as being insufficient as a matter

25   of law.   Therefore, the Court will therefore vacate its prior order to the extent that it is inconsistent with

26   the Court's ruling today.

27   **IV.    CONCLUSION**

28   In accordance with the above, it is HEREBY ORDERED that:

1.   Defendants' sixth (statute of limitations), thirteenth (laches), and eighteenth (laches) affirmative defenses are stricken;

2.   If they choose to do so, Defendants are granted 21 days to file an amended answer which alleges facts sufficient to support a statute of limitations or laches defense.  If they do not amend their answer within this time, their previous answer, absent the stricken defense,s will stand; and

3.   The Court's November 16, 2010 order granting in part and denying in part Plaintiff's motion to strike (Doc. 28) is vacated to the extent that it is inconsistent with the Court's ruling herein.

IT IS SO ORDERED.

Dated:   **January 19, 2011**                                      **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE

4