1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JOE HAND PROMOTIONS, INC.,          ) Case No.: 1:10-cv-00907 LJO JLT
                                        )
12                                      ) ORDER VACATING THE HEARING ON THE
                    Plaintiff,          ) MOTION FOR DEFAULT JUDGMENT BY
13        v.                            ) DEFENDANTS DAVID ALVARADO AND
                                        ) LINDA ALVARADO
14  DAVID ALVARADO, LINDA ALVARADO,     )
    ADOLFO ORDAZ JR., SUSANA GARCIA     ) ORDER DIRECTING DEFENDANTS DAVID
15  and ANDRES GARCIA, INDIVIDUALLY and ) ALVARADO AND LINDA ALVARADO TO
    d/b/a FRANKIES BAR a/k/a PATRON'S   ) FILE SUPPLEMENTAL BRIEFING IN
16  SPORTS BAR,                         ) SUPPORT OF THE MOTION FOR DEFAULT
                                        ) JUDGMENT
17                  Defendants.         )
    _____ ) (Doc. 32)
18

19          David Alvarado and Linda Alvarado, individually and doing business as Frankie's Bar ("the

20  Alvarados") seek the entry of default judgment against Adolfo Ordaz, Jr., Susana Garcia, and

21  Andres Garcia, individually and doing business as Patron's Sports Bar.  (Doc. 32).  The motion is

22  unopposed.   For the following reasons, the Alvarados are directed to file supplemental briefing in

23  support of the application for default judgment.

24  **I.  Procedural History**

25          On May 20, 2010, Plaintiff Joe Hand Promotions ("Plaintiff") filed its complaint against

26  David Alvarado and Linda Alvarado, Adolofo Ordaz, Jr., Susana Garcia, and Andres Garcia,

27  individually and doing business as Frankie's Bar, also known as Patron's Sports Bar (collectively,

28  "Defendants").  (Doc. 1).  Plaintiff asserts it possessed the exclusive rights to the nationwide

                                        1

1  commercial distribution of the "Ultimate Fighting Championship 98: Rashad Evans v. Lyoto

2  Machida" ("the Program"), televised on May 23, 2009.  *Id.* at 3.  Plaintiff alleges Defendants

3  intercepted and broadcast the Program without with purchasing a sublicense from Plaintiff, resulting

4  in conversion, and violations of 47 U.S.C. § 605, 47 U.S.C. § 533, and the California Business and

5  Professions Code § 17200, *et seq.*  *Id.* at 4-7, 15.

6          The Alvarados filed their Answer to Plaintiff's Complaint on August 5, 2010.  (Doc. 10).  On

7  September 1, 2010, Adolofo Ordaz, Jr., Susana Garcia, and Andres Garcia filed their Answer and

8  Crossclaim against the Alvarados, seeking full indemnity, or in the alternative partial indemnity, and

9  declaratory relief.  (Doc. 11).  On September 20, 2010, the Alvarados filed an Answer to the

10  Crossclaim, and asserted claims against Adolofo Ordaz, Jr., Susana Garcia, and Andres Garcia

11  ("Ordaz/Garcia Group"), seeking full indemnity, or in the alternative, partial indemnity.  (Doc. 15).

12  In addition, the Alvarados raised the following claims against the Ordaz/Garcia Group:  negligent

13  misrepresentation, unfair business practices (Cal. Bus. & Prof. Code § 17200), negligence, fraud and

14  intentional deceit (Cal. Civ. Code §§1572, 1710), breach of the implied covenant of good faith and

15  fair dealing, and breach of contract.  *Id.* at 8-18.

16          The Ordaz/Garcia Group failed to file a responsive pleading to the cross-claim within the

17  time prescribed by the Federal Rules of Civil Procedure.  Therefore, pursuant to Fed.R.Civ.P. 55(a),

18  default was entered against Adolofo Ordaz, Jr., Susana Garcia, and Andres Garcia on November 15,

19  2010.[1]  The Alvaradros filed the motion for default judgment on February 17, 2011 (Doc. 32).

20  **II.   Requests for Default Judgment**

21          The Federal Rules of Civil Procedure govern applications to the Court for issuance of default

22  judgment.  Where a default was entered because "a party against whom a judgment for relief is

23  sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a

24  default judgment.  Fed.R.Civ.P. 55(a)-(b).  An application for default judgment qualifies as a motion

25  before the Court.  *Johnson v. Cate*, 2009 U.S. Dist. LEXIS 57942, at *2 (E.D. Cal. June 23, 2009).

26  Thus, the  motion "should include briefs on the pertinent issues."  *Id.*; *see also* Local Rule 230(b).

27  

28          [1] Originally, default was entered on November 10, 2010.  (Doc. 24).  However, this was amended on November 15, 2010.  (Doc. 15).

1  ### III.  Default Judgment

2        The Alvarados seek judgment against the other defendants in the action, though these

3  defendants remain in the case and have submitted an answer to defend themselves in the underlying

4  action of the unlawful interception and broadcast of the Program without Plaintiff's permission.   In

5  determining whether to enter default judgment, the factual assertions in a complaint are taken as true

6  because default has been entered against the defendants.  *Pope v. United States*, 323 U.S. 1, 22

7  (1944).  However, entry of default judgment would have a prejudicial effect on the case for the

8  Ordaz/Garcia Group, as the Alvarados seek full indemnity for Plaintiff's claims.  Under the Federal

9  Rules of Civil Procedure:

10  > When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved,
11  > the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for
12  > delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not
13  > end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

14

15  Fed. R. Civ. P. 54(b).  Therefore, the Court has discretion to decline entry of default judgment where

16  a just reason exist to delay entry of a final judgment to defendants Adolofo Ordaz, Jr., Susana

17  Garcia, and Andres Garcia.

18        The Supreme Court warned that "absurdity might follow" in instances where a court "can

19  lawfully make a final decree against one defendant . . .while the cause was proceeding undetermined

20  against the others."  *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).  Moreover, "[c]onsiderations of

21  fairness and the sound administration of justice are also applicable to the entry of default judgment in

22  a case involving multiple parties or claims."  *Johnson,* 2009 U.S. Dist. LEXIS 57942, at *5.  The

23  Ninth Circuit held that a court should not enter default judgment where "the defendants are similarly

24  situated defendants, even if not jointly and severally liable, and where delay is necessary to avoid an

25  inherently inconsistent result."  *Id.*, citing *In re First T.D. & Investment, Inc.*, 253, F.3d 520, 532 (9th

26  Cir. 2001).  Here, the case would be proceeding against the Ordaz/Garcia Group as to the underlying

27  causes of action upon which the Alvarados the entry of default judgment and indemnity: violations

28  of 47 U.S.C. § 553 and § 605.

**IV.   Damages**

The Alvarados have not explained the damages in adequate detail such that the Court can determine whether they are entitled to the amount requested of $150,000.  Notably, this amount is premised upon the Alvarados' assumption that Plaintiff will recover $110,000 for the violations of 47 U.S.C. §553 and § 605 and upon their desire to recover an "equally sizeable [amount] to cover any liabilities that are incurred" by them in this litigation.  (Doc. 32 at 8-9).  However, the Alvarados' liability on Plaintiff's complaint and the accompanying amount of damages awarded if any, has yet to be determined.  Likewise, there is no showing in the moving papers to explain how the Court is to conclude that the $40,000 amount ($150,000 minus $110,000) is justified or appropriate.  (*See* Docs. 15 and 32).  For example, though a claim of negligent misrepresentation allows compensatory damages, the Alvarados have not set forth the damage amount that was caused by the negligent misrepresentation.  (Doc. 32 at 9-10).  Thus, the Court requires additional briefing to explain why the damage amount sought is not speculative and why it should be awarded at this time despite the current posture of the case.

**V.   Conclusion**

The Alvarados have failed to adequately address whether it is appropriate for the Court to enter judgment against the Ordaz/Garcia Group at this time given that they remain to defend in the underlying action.  Furthermore, the Alvarados have not supported the damages award sought or explained why the amount sought is not speculative.  Because these issues were not adequately addressed in the motion, the Alvarados are now ordered to do so.  Upon receipt of the supplemental briefing, the Court will revisit whether default judgment is appropriate at this time by weighing factors set forth by the Ninth Circuit.   Oral arguments on the motion will be re-set by the Court as needed.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Alvarados **SHALL FILE** supplemental points and authorities in support of the motion for default judgment, addressing the issues set forth above, no later than March 25, 2011; and

///

4

1        2.      The hearing on the motion for default judgment set for March, 21, 2011 is

2            **VACATED**.

3

4 IT IS SO ORDERED.

5 Dated:   **March 11, 2011**                                **/s/ Jennifer L. Thurston**

6                                                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28