1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOE HAND PROMOTIONS, INC.,            )  Case No.: 1:10-cv-00907 LJO JLT
                                          )
12                                        )  ORDER ADOPTING THE FINDINGS AND
                     Plaintiff,           )  RECOMMENDATIONS TO DENY THE
13         v.                             )  MOTION FOR DEFAULT JUDGMENT BY
                                          )  DAVID ALVARADO AND LINDA
14  DAVID ALVARADO, LINDA ALVARADO,       )  ALVARADO
    ADOLFO ORDAZ JR., SUSANA GARCIA       )
15  and ANDRES GARCIA, INDIVIDUALLY and   )  (Doc. 36)
    d/b/a FRANKIES BAR a/k/a PATRON'S     )
16  SPORTS BAR,                           )
                                          )
17                   Defendants.          )
    _____)
18

19         David Alvarado and Linda Alvarado, individually and doing business as Frankie's Bar ("the

20  Alvarados") seek the entry of default judgment against Adolfo Ordaz, Jr., Susana Garcia, and

21  Andres Garcia ("the Ordaz/Garcia Group"). (Doc. 32). The Alvarados filed claims to which the

22  Ordaz/Garcia Group failed to respond. On April 21, 2011, the Magistrate Judge recommended to

23  deny the Alvarados default judgment motion. (Doc. 36).

24         Granting or denying a motion for default judgment is within the discretion of the Court.

25  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In considering the factors promulgated by

26  the Ninth Circuit Court of Appeals in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Magistrate

27  Judge found that the merits of the Alvarados' claims and the sufficiency of the pleadings, when

28  examined together, weigh against granting default judgment and that the Alvarados' claims for full

1

1  indemnity and partial indemnity were premature and inapplicable to violations of 47 U.S.C. §§ 533,

2  605.  (Doc. 36 at 5).  In addition, the Alvarados failed to plead with sufficient specificity their

3  allegations of fraud  and negligent misrepresentation to meet the heightened standards of F.R.Civ.P.

4  9(b).  (Doc. 36 at 5-6).  Further, the Magistrate Judge determined the Alvarados failed to establish

5  claims of negligence, breach of contract, breach of the implied covenant of good faith and fair

6  dealing, and a violation of the Cal. Bus. & Prof. Code § 17200.  In addition, the Magistrate Judge

7  determined it was in the interest of justice to not enter default judgment against the Ordaz/Garcia

8  Group while their liability to Plaintiff remains undetermined, and there exists the possibility of

9  dispute concerning material facts.

10        Although the Alvarados were granted 14 days from April 21, 2011, or until May 5, 2011, to

11  file objections to the Magistrate's Amended Findings and Recommendations, they did not.

12        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley*

13  *United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of

14  the case. Having carefully reviewed the entire file, the Court finds that the findings and

15  recommendation are supported by the record and by proper analysis.

16        Accordingly, **IT IS HEREBY ORDERED**:

17        1.      The Amended Findings and Recommendations filed April 21, 2011, are **ADOPTED**

18                **IN FULL**; and

19        2.      The Alvarados' motion for default judgment (Doc. 32) is **DENIED**.

20        IT IS SO ORDERED.

21  **Dated:   May 9, 2011**              /s/ Lawrence J. O'Neill
22                                        UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28