IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CASE NO. CV F 10-0907 LJO JLT |
| Plaintiffs, | **ORDER TO DENY RECONSIDERATION** (Doc. 41.) |
| vs. | |
| DAVID ALVARADO, et al., | |
| Defendants. / | |

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") seeks reconsideration of summary judgment in favor of defendants David Alvarado and Linda Alvarado (collectively the "Alvarados") on Joe Hand's telecast piracy claims. Joe Hand filed no papers to oppose the Alvarados' summary judgment motion due to an unexplained "administrative oversight"[1] and filed its reconsideration motion 28 days after the summary judgment decision was docketed. Although styled as "reconsideration," Joe Hand's motion is a belated opposition to the Alvarados' summary judgment motion.

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should

---

[1] May 2, 2011 was the deadline to file and serve Joe Hand's opposition papers.

not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989).  A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Either the moving or opposing party may seek reconsideration of summary judgment. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192 (1989). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994).  There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263.  Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration of a summary judgment ruling is restricted:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.*

*Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000).  Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890

(9th Cir. 2000).  Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990).  Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Joe Hand takes issue with this Court's "failure to consider material facts" and "failure to apply the appropriate legal standards."  Joe Hand devotes 15 pages to criticize the Alvarados' evidence and authorities.  However, Joe Hand fails to raise factual issues whether the Alvarados operated or controlled the bar where Joe Hand's exclusive programming was allegedly intercepted.  The Alvarados' ownership of the bar's liquor license is insufficient to raise a question of fact given the Alvarados' overwhelming evidence that they were in no way involved with the bar's operation at the relevant time to subject them to liability on Joe Hand's claims.  Joe Hand's criticism of this Court's handling of the Alvarados' legal authorities is unavailing as summary judgment came down to a clear record of the Alvarados' disassociation from the bar and in turn inability to intercept the telecast signal.  Joe Hand raises no factual issues despite the passage of nearly two months since the Alvarados filed their summary judgment papers.

Moreover, Joe Hand presents no highly unusual circumstances to justify reconsideration.  Joe Hand's counsel filed no summary judgment opposition papers apparently due to "an administrative oversight."  Joe Hand offers neither facts nor law to upset the clear record that the Alvarados lacked ability to intercept the telecast signal.  Joe Hand could have easily presented its points earlier in a timely summary judgment opposition.  Purported administrative oversight fails to justify reconsideration.  In short, even considering Joe Hand's belated points, nothing convinces this Court that factual issues preclude summary judgment in that no facts suggest that the Alvarados are subject to liability on Joe Hand's claims.

For the reasons discussed above, this Court DENIES reconsideration and ADMONISHES Joe Hand's counsel to obey the Federal Rules of Civil Procedure, this Court's Local Rules and all other authorities on practice before this Court in this action and in all other actions in which Joe Hand's

counsel appears in this Court.[2]

IT IS SO ORDERED.

Dated:     June 2, 2011                              /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE

---

[2] This Court would be remiss for not mentioning that it considered no less than ordering Joe Hand's counsel to show cause why this Court should not impose sanctions under 28 U.S.C. § 1927 for unreasonably multiplying these proceedings.