IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CASE NO. CV F 10-0907 LJO JLT |
| Plaintiffs, | **ORDER ON ATTORNEY FEES MOTION**<br>(Doc. 44.) |
| vs. | |
| DAVID ALVARADO, et al., | |
| Defendants.    / | |
| AND RELATED CROSS-ACTIONS.    / | |

**INTRODUCTION**

Defendants David Alvarado and Linda Alvarado (the "Alvarados") seek to recover $7,250 attorney fees as prevailing parties after obtaining summary judgment on plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand's") telecast piracy claims.[1] Joe Hand responds that the Alvarados are not entitled to attorney fees under the legal authorities on which they rely. This Court considered the Alvarados' attorney fees motion on the record without a hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES the Alvarados an attorney fees award.

---

[1] The Alvarados also sought $174.72 for photocopy, postage and facsimile costs. Joe Hand has paid the Alvarados those costs which are no longer at issue.

1

**BACKGROUND**

Joe Hand held exclusive closed-circuit distribution rights to *Ultimate Fighting Championship 98: Rashad Evans v. Lyoto Machida* ("program"), which was telecast nationally on May 23, 2009. Joe Hand claims that the program was unlawfully intercepted at Frankie's Bar aka Patron's Sports Bar in Madera. More specifically, Joe Hand claims the Alvarados and defendants Adolfo Ordaz, Jr., Susana Garcia and Andres Garcia (collectively the "Ordaz-Garcias") unlawfully pirated the program to violate the Communications Act of 1934, 47 U.S.C. §§ 605, et seq.,[2] the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553 et seq.,[3] and California law. The Alvarados deny liability in that they did not own, operate or control the bar at the time of the program. The Alvarados claim that alleged wrongdoing is attributable to the Ordaz-Garcias, to whom the Alvarados leased the bar which the Ordaz-Garcias operated without the Alvarados' involvement. This Court granted the Alvarados summary judgment on Joe Hand's claims against them.

On January 26, 2011, the Alvarados had made a $1,001 F.R.Civ.P. 68 offer to Joe Hand and which Joe Hand did not accept. The Alvarados seek to recover from Joe Hand $7,250 attorney fees as the prevailing parties on Joe Hand's claims under F.R.Civ.P. 68 and federal communications statutes.

**DISCUSSION**

F.R.Civ.P. 68(d) addresses costs after an unaccepted offer of judgment: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." The "term 'costs,' as used in Rule 68, should be read to include attorney's fees where fees are authorized by the substantive statute at issue in the litigation." *Fulps v. City of Springfield, Tenn.*, 715 F.2d 1088, 1095 (6th Cir. 1983).

47 U.S.C. §605(e)(3)(B)(iii) requires a court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 553(c)(2)(C) permits a court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an

---

[2] 47 U.S.C. § 605, et seq., prohibit the unauthorized use of wire or radio communications, including interception and broadcast of pirated cable or broadcast programming.

[3] 47 U.S.C. § 553, et seq., prohibit interception or reception of any communication service over a cable system without authorization.

aggrieved party who prevails." An "aggrieved" party includes "any person with **proprietary rights in the intercepted communication** by wire or radio, including wholesale or retail distributors of satellite cable programming, and, in the case of a violation of paragraph (4) of subsection (e) of this section, shall also include any person engaged in the **lawful manufacture, distribution, or sale of equipment** necessary to authorize or receive satellite cable programming." 47 U.S.C. § 605(d)(6) (bold added).

The Alvarados argue that the federal communications statutes authorize attorney fees for them as prevailing parties. Joe Hand disagrees in that the Alvarados are not "aggrieved" parties under the federal communications statutes. Joe Hand argues that Congress did not intend that "any" prevailing party recover attorney fees based on its restricted definition of "aggrieved party." As such, Joe Hand concludes that the Alvarados lack a statute authorizing attorney fees.

Joe Hand further attacks the Alvarados reliance on F.R.Civ.P. 68(d), which Joe Hand contends has "no application if a defendant prevails outright." Joe Hand is correct. As the U.S. Supreme Court explained, F.R.Civ.P. 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146 (1981). Moreover, the Alvarados' point that Joe Hand may recover against the non-offeror Ordaz-Garcias is irrelevant. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 334 (5th Cir. 1995) (plaintiff's recovery against non-offeror defendants "is irrelevant to the Rule 68 inquiry").

The Alvarados are defendants who prevailed on Joe Hand's claims. F.R.Civ.P. 68 does not entitle them to recover attorney fees. The Alvarados are not "aggrieved" parties under the federal communications statutes, which provide them no source to recover attorney fees. The Alvarados are not entitled to recover attorney fees.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES the Alvarados an attorney fees award.

IT IS SO ORDERED.

**Dated:   July 11, 2011**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE